# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X-RAY OPTICAL SYSTEMS, INC., <br><br> Plaintiff, <br> vs. <br> INSTITUTE FOR ROENTGEN OPTICS; MURADIN A. KUMAKHOV, <br><br> Defendant. | CASE NO. 98cv1270 JM(LSP) <br><br> ORDER DENYING MOTION TO SET ASIDE DEFAULT |

Defendants Institute for Roentgen Optics ("IRO") and Muradin A. Kumakhov move to set aside default judgment entered against them on December 28, 1998. Plaintiff X-Ray Optical Systems, Inc. ("XOS") opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to set aside default judgment is denied.

## BACKGROUND

XOS, a Delaware corporation with its principal place of business in East Greenbush, New York, commenced this patent infringement action against Defendants on July 10, 1998. Defendant Kumakhov is a Russian citizen and the named inventor of several patents relating to optics technology for controlling x-rays, neutral particles, and charged particles and a shareholder in XOS. (Gibson Decl. ¶5). IRO is a non-governmental Russian research establishment under the control of its director,

defendant Kumakhov. (Gibson Decl. ¶6).

In the early 1990s, the parties had active business dealings and participated in joint research projects. After about 1994, the business relationship deteriorated and Defendants allegedly began commercializing optics which were the subject of patents assigned to XOS. (Gibson Decl. ¶11). Defendants learned that Kumakhov would be attending two U.S. trade shows in 1997. At these trade shows, Defendants offered for sale optics and systems which infringed the patents in suit, and which they were previously selling to XOS. Id. In 1998, XOS learned that Defendants would again attend the two trade shows, including the SPIE International Symposium on optical science held in San Diego, California.

In order to prevent Defendants' alleged patent infringement, in June 1998 XOS commenced a patent infringement action against Defendants in the Northern District of New York. On July 10, 1998 this New York action was dismissed for lack of personal jurisdiction over Defendants. XOS subsequently voluntarily dismissed the New York action. (Gibson Decl. ¶15).

XOS learned that Defendants would attend the San Diego SPIE conference between July 19-25, 1998. Based upon XOS's representations, the court issued an Order to Show Cause requiring Kumakhov to appear on July 22, 1998 and to produce a sample of the infringing product. Defendants did not appear and the court calendared a second hearing on the OSC. Defendants failed to appear at that hearing and the Clerk of Court subsequently entered default on August 13, 1998.

XOS moved for entry of default judgment and, at the time of the December 14, 1998 hearing, attorney Mark Rabinovich specially appeared on behalf of Defendants and represented that Defendants would seek to set aside entry of default. Defendants failed to move to set aside default and the court, on December 28, 1998, entered default judgment against Defendants and permanently enjoined them infringing the patents in suit.

Over the years, the parties engaged in periodic negotiations to address business

issues and resolve outstanding matters. (Gibson Decl. ¶22). On December 20, 2007 XOS commenced an action against Kumakhov in the Norther District of New York alleging claims for breach of contract, breach of fiduciary duty, misappropriation, unfair competition, conversion, unjust enrichment, and fraud. (Gibson Decl. Exh. I). The heart of XOS's claims relate to allegations that Kumakhov "acted to undermine [XOS's] intellectual property, including the intellectual property covered by the Assignment Contracts." (Gibson Decl. Exh. I, ¶33). On March 20, 2008, the same day Defendants filed the present motion, Defendants moved in the New York case to dismiss the complaint or, alternatively, to dismiss the action.

Defendants now move to set aside default judgment. XOS opposes the motion.

## DISCUSSION

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Defendants challenge the subject matter of the court to entertain the underlying action on the ground that the assignments of the patents at issue were invalid. This argument misconstrues the nature of subject matter jurisdiction. Whether one party or the other may prevail on the asserted claims or defenses is not the appropriate inquiry. Subject matter jurisdiction refers to the power of the court to adjudicate the particular type of case involved in the suit - - a challenge that may be raised at any time. Kontrick v. Ryan, 540 U.S. 443, 454 (2004). Here, this court is authorized to entertain Plaintiff's

claims pursuant to 28 U.S.C. §1331 and, more specifically, 28 U.S.C. §1338. Section 1338 specifically empowers district courts with original jurisdiction to entertain any claim related to patents. 28 U.S.C. §1338(a). The underlying complaint satisfies the pleading requirements of the Federal Rules of Civil Procedure and, among other things, specifically alleges that Defendants violated XOS's patent rights, (Compl. ¶¶4-10), under 35 U.S.C. §271. Consequently the court has subject matter jurisdiction to entertain Plaintiff's claims because the claims arise under federal law.

In sum, federal question jurisdiction exists over Plaintiff's patent claims.

**The Motion to Set Aside Default**

The court may set aside default judgment pursuant to Rule 60(b). Fed.R.Civ.P. 55(c). A motion to set aside default judgment "must be made within a reasonable time" and for reasons predicated on mistake, newly discovered evidence, or fraud, Fed.R.Civ.P. 60(b)(1) - (3), the motion must be made within one year of entry of default judgment. In light of the nine year delay in moving to set aside default, the only possible basis under which Defendants can prevail is by showing that the judgment is void, the judgment has been satisfied, or there is "[an]other reason that justifies relief." Fed.R.Civ.P. 60(b)(4) - (6). Default is set aside where a party acts within a reasonable amount of time and establishes a valid basis for relief. S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1164-65 (9th Cir. 2007).

The Reasonable Time Requirement

Defendants contend that the reasonable time requirement is satisfied because "Kumakhov was never properly served with the default judgment, and brought this motion as soon as practicable once these (sic) XOS sought to raise these same issues in the 2007 New York action." (Motion at p.15:7-9). Defendants do not argue that they were not properly served with the summons and complaint pursuant to Rule 4. Rather, Defendants contend that they were never properly served with the default judgment order. This argument is without merit. Even if personal service of the default judgment order were required, on June 29, 1999 Defendants were personally served with this

court's order granting the application of entry of default judgment. (Gibson Decl. ¶20). Moreover, Defendants had actual notice of the default judgment hearing and counsel specially appeared on behalf of Defendants. Defendants had adequate opportunities to appear and present a defense to Plaintiff's claims, yet chose not to do so.

The court also rejects Defendants' argument that the filing of the 2007 New York action by Plaintiff somehow satisfies the requisite reasonable time element. XOS commenced the New York action on December 20, 2007 alleging claims against Kumakhov for breach of contract, breach of Kumakhov's fiduciary duty to XOS, misappropriation, unfair competition, conversion, unjust enrichment and fraud, (Gibson Decl. ¶23). This New York action did not assert any patent infringement claims. Apparently Defendants conclude that it was the "filing of the 2007 New York action [that] prompted Dr. Kumakhov to investigate the 1998 actions and to file the present motion. Defendants thus did not move to set aside the default judgment until Plaintiff sought to rely on that judgment for the first time by filing the 2007 New York action." (Reply at 8:28-9:3).[1]

The court concludes that Defendants have failed to establish that they acted within a reasonable period of time to move to set aside default. Defendants have not demonstrated even a minimum amount of diligence in seeking to defend themselves. Since the filing of the complaint in July 1998, Defendants have had over nine years in which to appear in this action to defend themselves. The record shows that Defendants (1) received personal service of the summons and complaint; (2) appeared, through specially appearing counsel, on December 14, 1998 at the time of the motion for entry of default judgment hearing and represented that they would be moving to set aside default, but failed to do so; (3) represent that they have complied with the permanent injunction at all times; and, (4) since entry of default judgment, engaged in periodic negotiations with XOS to resolve outstanding business issues. Defendants simply fail

---

[1] The court notes that Defendants fail to explain how the commencement of the 2007 New York Action excuses their nine years of inactivity.

to demonstrate that they acted reasonably in moving to timely set aside default judgment.

Finally, any consideration of reasonableness must assess the prejudice caused by Defendants' unjustified delay in moving to set aside default. Prejudice to both parties may be considerable. During the almost ten years that Defendants delayed moving for relief, the court notes that memories fade, evidence is lost, and potential witnesses become unavailable. For example, XOS represents that the infringing articles sold by Defendants in 1998 are not possessed by the company and may be difficult to locate nearly ten years later. (Oppo. at p. 3:28-4:1). Defendants submit the declaration of Mark Rabinovich, Esq., the attorney who specially appeared for Defendants in 1998, and he declares that he has no recollection of ever having represented Defendants. (Rabinovich Decl. ¶2). These are but two prejudicial consequences of Defendants' failure to timely move to set aside default.

In sum, the court concludes that Defendants have not moved within a reasonable period of time to set aside default judgment. On this basis alone, the motion to set aside default judgment is denied.

Grounds for Setting Aside Default

The only conceivable grounds under which Defendants could obtain relief, assuming they had moved for relief within a reasonable time, consists of establishing a void judgment, satisfaction of judgment, or any other reason justifying relief. As the judgment is not void for lack of subject matter jurisdiction or satisfied, the only other possible grounds for relief is the catch-all provision of Rule 60(b)(6). This catch-all provision applies when extraordinary circumstances exist thus making relief necessary to accomplish justice. United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "To justify relief under Rule 60(b)(6), a party must show 'extraordinary circumstances' suggesting the party is faultless in the delay." Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392 (1993). "If a party is party to blame for the delay, relief must be sought within one year

under subsection (1) and the party's neglect must be excusable." Id.

Here, Defendants fail to establish extraordinary circumstances warranting relief from default for two reasons. First, the delay in brining this motion to set aside default lies entirely with Defendants. Defendants have had notice of this action for over nine years and took no steps to assert any claim or defense. Consequently, under Pioneer Defendants cannot seek relief under Rule 60(b)(6) because the delay in bringing this motion is solely attributable to Defendants; and Defendants fail to identify any newly discovered evidence or intervening change in law warranting relief from default. Second, apart from the lack of subject matter jurisdiction argument, the reasons identified by Defendants as justifying relief from default are not extraordinary, but could have been brought pursuant to Rule 60(b)(1)-(3). Kumakhov's reasons for relief include: Kumakhov's belief that XOS's patent counsel would represent his interests; improper forum shopping by XOS; invalidity of the patents under Russian law; the filing of the 2007 New York Action; Kumakhov's lack of knowledge of the American legal system; Kumakhov is not a native English speaker; Kumakhov did not have the lens with him that he was ordered to bring to court for the July 22, 1998 hearing; Kumakhov did not understand at the time why he was being sued; at the time he was served with the complaint and summons Kumakhov did not have a lawyer or translator to assist him; there was inadequate time to prepare for the hearings; Kumakhov did not understand the importance of the court proceedings; and Kumakhov's finances did not permit him to attend the court hearing. (Motion at pp.15-16). The court notes that many, if not all, of the identified reasons support relief from default under Rule 60(b)(1)-(3), and not Rule 60(b)(6). Significantly, the identified reasons are not based upon newly discovered evidence or intervening change in law and could have been raised over nine years ago. Accordingly, the court concludes, for purposes of Rule 60(b)(6), that the identified reasons are ordinary and routine and do not constitute extraordinary circumstances.

In sum, the court concludes that Defendants fail to establish grounds for setting

1  aside default.

## Defendants Cannot Collaterally Attack the Underlying Judgment

As an alternative basis to deny the motion to set aside default, the court concludes that Defendants cannot now collaterally attack the final judgment in this case. "[E]ven the issue of subject matter jurisdiction must at some point be laid to rest." Hodge v. Hodge, 621 F.2d 590, 592 (6th Cir. 1980) (court lacks subject matter jurisdiction to entertain a jurisdictional challenge to a known1` eight-year-old judgment).  Absent a showing of manifest injustice, not present here, defects in subject matter jurisdiction cannot be collaterally attacked where the party seeking to do so had the opportunity to litigate the issue in the original action.  Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371 (1940).  In Chicot, the Supreme Court held that when a federal court proceeds to final judgment on the merits, the issue of its subject matter jurisdiction is res judicata even though it was not litigated in the original suit. Id. at 378.  Here, Defendants were provided actual personal notice of this action, counsel for Defendants purported to specially appear in this action and represented that Defendants intended to move to set aside entry of default, a prerequisite to appearing in the action after entry of default.  See Fed.R.Civ.P. 55(c).   As more fully set forth herein, Defendants have had over nine years-worth of opportunities to move to set aside default; but failed to do so.  Accordingly, the court concludes that principles of finality prevent Defendants from now raising a collateral attack to the underlying judgment.

In sum, the court denies the motion to set aside default.  The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: May 30, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties